IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 22, 2008

Charles R. Fulbruge III
Clerk

No. 07-20891

PERRI LEMON; JAMES C PLUMMER

Plaintiffs - Appellants

v.

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas, Houston
USDC No. 4:07-CV-1291

Before JONES, Chief Judge, JOLLY, Circuit Judge, and CARDONE,[*] District Judge.

PER CURIAM:[**]

In this ERISA appeal, Perri Lemon and her counsel, James Plummer, appeal an order requiring Lemon and Plummer to pay the attorneys' fees and costs of Liberty Life Assurance Company of Boston. Because the district court did not sufficiently articulate its reasons for awarding attorneys' fees, we vacate the award, in part, and remand for further consideration.

---

[*] United States District Judge, Western District of Texas, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

This case arises from a dispute between Lemon and Liberty over a disability policy issued pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, et seq. ("ERISA"). In the district court, Lemon alleged that Liberty wrongfully denied her disability claim. Video surveillance, however, indicated that Lemon was not nearly as disabled as she claimed. Accordingly, the district court granted Liberty's motion for summary judgment. Liberty then filed a motion for attorneys' fees and costs pursuant to § 502(g)(1) of ERISA.[1] The court granted the motion and ordered both Lemon and Plummer to pay $7,498. The court did not declare the legal basis for the award, but granted the award for two succinctly stated reasons: (1) Lemon had lied to her doctor and exaggerated her pain, and (2) Plummer had maintained a baseless suit and misrepresented his client's condition to the court. Each of these reasons appears to be in the nature of a sanction.

II.

In ERISA cases, we review an award of attorneys' fees and costs for abuse of discretion. Wade v. Hewlett-Packard Dev. Co. LP Short Term Disability Plan, 493 F.3d 533, 541 (5th Cir. 2007). It is an abuse of discretion for a district court to assess attorneys' fees without considering the factors announced in Iron Workers Local No. 272 v. Bowen, 624 F.2d 1255, 1266 (5th Cir. 1980). See Wade, 493 F.3d at 543 n.8. The award of costs, however, is subject to the "prevailing party" test. Id. at 543.

In order for this court to review the award of fees, the district court must explicitly state the statutory basis for its decision. It must also clearly and

_____

[1] "In any action under this subchapter . . . , the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1).

thoroughly state the factual justifications for the award. In its Order on Attorneys Fees, the district court did neither.[2]

Because the award of costs is governed by the "prevailing party" test, we AFFIRM the award of costs against Lemon. We VACATE and REMAND the award of costs against Plummer. We also VACATE and REMAND the award of attorneys' fees against both Lemon and Plummer. On remand the district court should state the statutory or other basis for each award and articulate, in some detail, the evidence and the reasoning that support each award.

AFFIRMED, in part, VACATED, in part, and REMANDED.

---

[2] Liberty's motion cited § 502(g)(1), but the district court did not reference that provision. The applicable statutory authority is particularly important in this case because the court ordered Plummer to pay fees and costs. This circuit has not considered whether § 502(g)(1) permits the assessment of fees against a party's counsel. The Second Circuit has noted that statutes, such as § 502(g)(1), that are silent on awards against the attorney, are usually not a proper basis for such an award. See, e.g., Healey v. Chelsea Res. Ltd., 947 F.2d 611, 624 (2d Cir. 1991) ("When a fee-shifting statute that authorizes the courts to award attorneys' fees to prevailing parties does not mention an award against the losing party's attorney, the appropriate inference is that an award against attorneys is not authorized."). Fee-shifting or sanctions may be warranted in this case under 28 U.S.C. § 1927 or Rule 11, but we cannot evaluate such an award without knowing the statutory or other authority under which it was made. We indicate no opinion on any aspect of the award of attorneys' fees against a party's counsel.